

Villanova University School of Law

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

2-28-2008

# Ozdemir v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-3654

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"Ozdemir v. Atty Gen USA" (2008). *2008 Decisions*. Paper 1509.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/1509

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 06-3654

_____

SANSAL OZDEMIR,

Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES

_____

On Petition for Review of an Order of
The Board of Immigration Appeals
Immigration Judge: Honorable Margaret Reichenberg
(No. A97-445-240)

_____

Submitted Under Third Circuit LAR 34.1(a)
February 7, 2008

Before: MCKEE and AMBRO, Circuit Judges,
and TUCKER,* District Judge

(Opinion filed: February 28, 2008)

_____

OPINION

_____

_____

*Honorable Petrese B. Tucker, United States District Judge for the Eastern District
of Pennsylvania, sitting by designation.

AMBRO, <u>Circuit Judge</u>

Sansal Ozdemir is a native and citizen of Turkey. He petitions our Court for review of a final order by the Board of Immigration Appeals affirming his removal from the United States. We deny his petition for review.

Ozdemir is a Muslim and member of the Unified Socialist Party. In 1990, police officers came to his house and took him to the local police station to question him about political graffiti that had been drawn on walls around his neighborhood. He denied involvement in the graffiti and told officers that he had no idea who was responsible. The police accused him of lying and hit him in the face repeatedly. He was held overnight. When Ozdemir was released the next day, police drove him home and told him not to tell anyone about the incident.

Ozdemir testified that he was distressed and unable to return to work after the incident. He remained in Turkey for six months and had no further involvement with police. He then secured a job working aboard ships, which he did for several years, until his ship docked in the United States in 2000. Ozdemir was admitted to the United States as a nonimmigrant transit visitor, and failed to depart when his authorization expired. In 2004, he was issued a notice to appear, which charged that he was removable for remaining in the country once his authorization expired. At the subsequent immigration hearing, Ozdemir conceded the charge of removability and applied for asylum, withholding of removal, and protection under the Convention Against Torture. After

hearing testimony on Ozdemir's applications, the Immigration Judge found him to be credible, but nevertheless denied relief. The IJ found Ozdemir statutorily barred from seeking asylum because he had not filed his petition within one year of entering the United States. With regard to withholding of removal and CAT relief, the IJ found that Ozdemir had not established that it would be more likely than not that he would be tortured if removed to Turkey. The IJ did grant voluntary departure. Ozdemir appealed the IJ's decision to the BIA, which affirmed. Ozdemir then filed this timely petition for review.

We have jurisdiction to review the BIA's final orders of removal. *See* 8 U.S.C. § 1252(a). Where, as here, the BIA adopts the findings of the IJ but writes separately to discuss some bases of the IJ's ruling, we will review both decisions. *Chen v. Ashcroft*, 376 F.3d 215, 222 (3d Cir. 2004). We apply the "extremely deferential" substantial evidence standard to the findings of fact. *Id.* at 223. We reverse the BIA's ultimate determinations only if "the evidence not only supports a contrary conclusion, but compels it." *Abdille v. Ashcroft*, 242 F.3d 477, 484 (3d Cir. 2001).

To satisfy his burden for withholding of removal, Ozdemir must "establish that his . . . life or freedom would be threatened in the proposed country of removal on account of race, religion, nationality, membership in a particular social group, or political opinion." 8 C.F.R. § 208.16(b). With regard to his CAT claim, his burden is to "establish that it is more likely than not that he or she would be tortured if removed to the proposed

3

country of removal." 8 C.F.R. § 208.16(c)(1).

Substantial evidence supports the BIA's and IJ's conclusions that Ozdemir had failed to establish eligibility for withholding of removal and CAT relief. After his interrogation by police, Ozdemir remained in his native country for six months without any problems. Moreover, there is nothing in the record to suggest that the police in Turkey will engage in any further harassment if he were to return, which bolsters the conclusion that Ozdemir's incident was an isolated one. Accordingly, we will deny the petition for review.